1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SANDRA SWAIN, | ) | Case No. CV 11-04870-JEM |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION AND ORDER |
| v. | ) | AFFIRMING DECISION OF |
| | ) | COMMISSIONER |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## PROCEEDINGS

On June 16, 2011, Sandra Swain ("Plaintiff or Claimant") filed a complaint seeking

review of the decision by the Commissioner of Social Security ("Commissioner") denying

Plaintiff's application for Social Security Disability Insurance benefits.  The Commissioner filed

an Answer on September 29, 2011.  On January 5, 2012, the parties filed a Joint Stipulation

("JS").  The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this

Magistrate Judge.  After reviewing the pleadings, transcripts, and administrative record ("AR"),

the Court concludes that the Commissioner's decision should be affirmed and this action

dismissed with prejudice.

**BACKGROUND**

Plaintiff is a 60 year old female who applied for Social Security Disability Insurance benefits on December 15, 1984.  (AR 11.)  This claim was granted in 1986 and Plaintiff was awarded benefits with an onset of disability set in 1983.  (AR 11.)  Plaintiff's disability was based on mental depression that met the criteria of listing 12.04 of Appendix I, Subpart P of Regulations No. 4.  (AR 11.)  She had a continuing disability review ("CDR") in 1997 and was found to be disabled (no medical improvement).  (AR 11.)  Plaintiff worked from 1998 to 2000, performing substantial gainful activity ("SGA").  (AR 11.)  Her disability was found to have ceased due to her performance of SGA after the 3 year extended period of eligibility ("EPE") (her trial work period was June 1994 to May 1998).  (AR 11.)  Her EPE began in May 1998 and ended May 2001. (AR 11.)  Her benefits were terminated as of August 2001.

Plaintiff filed a Request for Expedited Reinstatement ("EXR") in 2001, but the Social Security Administration District Office lost Plaintiff's application.  20 CFR § 404.1592b.  Another CDR was performed in 2001, and the state agency found Plaintiff disabled as of February 26, 2001.  Disability was based on her physical impairment, with a light residual functional capacity ("RFC"), but there was medical improvement to her mental impairment and her mental impairment was determined to be non-severe.  (AR 11.)  However, the agency erroneously presumed Plaintiff was age 55 (she was only 49 in 2001; date of birth January 11, 1952), which led to finding her disabled based on the Medical-Vocational Guidelines ("Grids").  (AR 11.)  The agency made a reconsidered determination on March 22, 2005, finding that the Claimant was not disabled and not entitled to benefits.  (AR 11.)

Plaintiff filed a request for hearing on May 27, 2005.  Plaintiff's request for hearing was dismissed on December 10, 2007, because it was untimely filed.  (AR 11.)  Plaintiff filed a request for review with the Appeals Council on December 17, 2007.  (AR 11.)  On July 2, 2008, the Appeals Council granted review and issued an Order of Remand, vacating the dismissal and directing further proceedings in this case.  (AR 11.)

A hearing was held before Administrative Law Judge ("ALJ") Alexander Weir III on September 15, 2009, in Los Angeles, California.  (AR 12.)  Claimant did not appear at the

1   hearing but her Counsel appeared and testified at the hearing. (AR 12.) Vocational expert
2   ("VE") Sandra Trost and medical expert, David Peterson, Ph.D., also appeared and testified at
3   the hearing. (AR 12.)

4   The ALJ issued an unfavorable decision on March 12, 2010. (AR 11-24.) The Appeals
5   Council denied review on April 12, 2011. (AR 3-5.)

6                                    **DISPUTED ISSUES**

7   As reflected in the Joint Stipulation, Plaintiff raises the following disputed issues as
8   grounds for reversal and remand:

9       1.      Whether the ALJ abused his discretion in denying a continuance of the hearing.

10      2.      Whether the ALJ properly assessed the residual functional capacity for the
11              mental demands of work.

12      3.      Whether the ALJ properly assessed the residual functional capacity for the
13              physical demands of work.

14                                  **STANDARD OF REVIEW**

15  Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether
16  the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v.
17  Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846
18  (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and
19  based on the proper legal standards).

20  Substantial evidence means "'more than a mere scintilla,' but less than a
21  preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v.
22  Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a
23  reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at
24  401 (internal quotation marks and citation omitted).

25  This Court must review the record as a whole and consider adverse as well as
26  supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where
27  evidence is susceptible to more than one rational interpretation, the ALJ's decision must be
28  upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999).

"However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'"  Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

## THE SEQUENTIAL EVALUATION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  To determine if Claimant continues to be disabled, the ALJ must follow an eight-step sequential evaluation process (20 CFR § 404.1594).  (AR 12-13.)

At step one, the ALJ must determine if the Claimant is engaging in substantial activity. If so, the Claimant is no longer disabled.  20 C.F.R. § 404.1594(f)(1).

At step two, the ALJ must determine whether the Claimant has an impairment or combination of impairments which meets or medically equals an impairment listed in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the Social Security regulations.  20 C.F.R. § 404.1520(d).  If so, Claimant's disability continues.  20 C.F.R. § 404.1594(f)(2).

At step three, the ALJ must determine if medical improvement has occurred which results in a decrease in the medical severity of the Claimant's impairments.  20 C.F.R. § 404.1594(f)(3) and (b)(1).  If so, the analysis proceeds to the fourth step.  If not, the analysis proceeds to the fifth step.

At step four, the ALJ must determine if any medical improvement is related to the ability to work.  20 C.F.R. § 404.1594(f)(4).

At step six, the ALJ must determine whether Claimant's impairments in combination are severe.  20 C.F.R. § 404.1594(f)(6).

1    At step seven, the ALJ must assess Claimant's residual functional capacity[1] and

2    determine if he or she can perform past relevant work.  20 C.F.R. § 404.1594(f)(7).

3    At step eight, the ALJ must determine if there is other work in the national economy that

4    Claimant can do, given her RFC, age, education and past work experience.  20 C.F.R.

5    § 404.1594(f)(8).

6                              **THE ALJ DECISION**

7    The ALJ determined that the most recent favorable medical decision finding that

8    Claimant continued to be disabled is the erroneous determination dated February 26, 2001.

9    (AR 14.)  This is known as the "comparison point decision" or CPD.  (AR 14.)  Prior favorable

10   determinations finding that Claimant continued to be disabled are dated August 14, 1997, and

11   May 27, 1988.  (AR 14.)

12   The ALJ found that Plaintiff has engaged in substantial gainful activity since February

13   26, 2001.  (AR 14.)  Claimant reported working as a director of a preschool for the New Bethel

14   Apostolic Assembly from March through June 2001.  (AR 14.)  The ALJ found that the fact that

15   Claimant continued working in June 2001 means that her disability ended in June 2001 due to

16   her substantial gainful activity.  (AR 14.)  Claimant's benefits were terminated two months

17   thereafter, in August 2001.  (AR 14.)

18   The ALJ determined that as of February 26, 2001, Claimant had the following medically

19   determinable impairments: hypertension, asthma, history of heart murmur, history of uterine

20   fibroids, status post hysterectomy, history of spastic colon, carpal tunnel syndrome on the left

21   hand, history of chronic pain and back pain, and major depression.  (AR 15.)  Claimant's

22   mental impairments were not severe in February 2001 and continue to be not severe.  (AR 15-

23   16.)  Claimant's physical impairments were severe as of February 2001.  (AR 16.)  The ALJ,

24   however, determined that Claimant does not have an impairment or combination of

25   impairments that meets or medically equals one of the listed impairments.  (AR 16-17.)

26   _____

27   [1]   Residual functional capacity ("RFC") is what one "can still do despite [his or her] limitations"
     and represents an assessment "based on all the relevant evidence."  20 C.F.R. §§ 404.1545(a)(1),
28   416.945(a)(1).

                                        5

1   The ALJ then found that as of February 26, 2011, and continuing, Claimant had the

2   RFC to perform the full range of light work.  (AR 17.)  She can and could lift and carry 20

3   pounds occasionally and 10 pounds frequently.  (AR 17.)  She can and could stand and walk

4   for 6 hours and sit for 6 hours in an 8 hour day, with normal breaks.  (AR 17.)  She can and

5   could push and pull without significant limitations.  (AR 17.)  She has and had no additional

6   limitations.  (AR 17.)

7   The ALJ found that beginning on February 26, 2001, Claimant has been capable of

8   performing her past relevant work ("PRW") as a Clerk, Program Administrator, and

9   Professional Expert as it was actually performed and as it is generally performed in the

10  national economy.  (AR 23.)  This work has not required the performance of work-related

11  activities precluded by Claimant's RFC based on the impairments present as of February 26,

12  2001.  (AR 23.)

13  Consequently, the ALJ concluded that Claimant is not disabled within the meaning of

14  the Social Security Act.  (AR 23.)

15  **DISCUSSION**

16  The ALJ decision must be affirmed.  The ALJ did not err in failing to continue the

17  September 15, 2009, hearing.  The ALJ's RFC is supported by substantial evidence.  The

18  ALJ's non-disability determination is supported by substantial evidence and free of legal error.

19  **I.    THE ALJ DID NOT ERR IN FAILING TO CONTINUE**
    **THE SEPTEMBER 15, 2009, HEARING**
20

21  Plaintiff first argues that the ALJ should have continued the September 15, 2009,

22  hearing because Ms. Swain had advised the ALJ she had scheduled appointments for

23  colonoscopy and cardio treatments.  The Court disagrees.

24  There is no dispute about the facts.  The Claimant did not appear at the hearing on

25  September 15, 2009.  (AR 12.)  The notice of hearing was sent to Claimant on August 6, 2009,

26  and Claimant responded on August 28, 2009, with an acknowledgment form indicating that she

27  would not be present at the  hearing because she was scheduled for a colon procedure and

28  because she had problems with her daughter and was under stress.  (AR 12.)  The ALJ

6

responded to this notice with a letter to her attorney dated September 8, 2009, indicating that Claimant had not presented good cause to postpone the hearing and it would proceed as scheduled.  (AR 12.)  The ALJ concluded that because Claimant failed to appear at the hearing she had constructively waived her right to a hearing.  (AR 12.)  The ALJ noted that a colonoscopy is an elective medical procedure and is not indicative of an illness or life-threatening condition.  The ALJ also noted that Claimant had not provided any records of treatment from the City of Hope Hospital reflecting that she underwent the colonoscopy or its results.  (AR 12.)  The ALJ concluded that Claimant's reason for failing to appear at the hearing "did not support good cause to provide a supplemental hearing."  (AR 12.)

The governing law is found at 20 C.F.R. § 404.936(e):

> The administrative law judge will also find good cause for changing the time and place of your scheduled hearing, and will reschedule your hearing, if your reason is one of the following circumstances and is supported by evidence:
>
> (1) You or your representative are unable to attend or to travel to the scheduled hearing because of a serious physical or mental condition, incapacitating injury, or death in the family . . . .

The ALJ did not abuse his discretion in failing to continue the hearing or in not conducting a supplemental hearing.  Section 936(e) refers to a serious physical or medical condition, or incapacitating injury, not a doctor's visit.  As the ALJ explained, a colonoscopy is an elective medical procedure that is not indicative of an illness or life-threatening condition.  (AR 12.)  Section 936(e) also provides that a hearing will be rescheduled if a claimant's reason "is supported by the evidence."  The ALJ noted that Plaintiff submitted no evidence or treatment records establishing a serious physical or mental condition.  (AR 12.)

Further, Plaintiff does not demonstrate any prejudice from her absence from the hearing.  Plaintiff's attorney attended the hearing.  In correspondence with the ALJ, Plaintiff's attorney justified her absence from the hearing and did not seek a supplemental hearing.  Plaintiff's attorney even stated, "There was no need after all for Ms. Swain to be present at the

hearing." (AR 446.)  Thus, any error in not postponing the hearing or conducting a supplemental hearing was harmless.  Tommasetti v. Astrue, 533 F.3d 1035, 1039 (9th Cir. 2008) (error is harmless when inconsequential to the ultimate non-disability determination).

The ALJ did not abuse his discretion in failing to reschedule the hearing or to hold a supplemental hearing.

**II.   THE ALJ'S RFC IS SUPPORTED BY SUBSTANTIAL EVIDENCE**

Plaintiff's remaining two challenges concern the ALJ's RFC.  Those challenges lack merit.

An RFC is not a medical determination but an administrative finding or legal decision reserved to the Commissioner based on consideration of all the relevant evidence, including medical evidence, lay witnesses and subjective symptoms.  See SSR 96-5p; 20 C.F.R. § 1527(e).  In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including medical records, lay evidence, and the effects of symptoms, including pain reasonably attributable to the condition.  Robbins, 466 F.3d at 883.

**A.     The ALJ's Mental RFC Is Supported
         By Substantial Evidence**

The ALJ found that Plaintiff's mental impairments were not severe in February 2001 and continue to be not severe.  (AR 15.)  The ALJ's RFC contains no mental limitations.  (AR 17.) Plaintiff contends that the ALJ erred in discounting the opinions of consulting examiner Dr. Barry Edelman and reviewing physician Dr. Mendelsohn, both of whom imposed mental limitations on interacting with the public on a consistent basis.  (AR 368, 128.)  The Court disagrees.

1.     Relevant Federal law

In evaluating medical opinions, the case law and regulations distinguish among the opinions of three types of physicians:  (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (non-examining, or consulting, physicians).  See 20 C.F.R. §§ 404.1527, 416.927; see also Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995).  In

general, an ALJ must accord special weight to a treating physician's opinion because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted).  If a treating source's opinion on the issues of the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with other substantial evidence in the case record, the ALJ must give it "controlling weight." 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).  Conversely, an ALJ is not required to give controlling weight to a treating physician's opinion unless it is well supported and not inconsistent with other substantial evidence of record.  20 C.F.R. § 404.1527(d)(2); SSR 96-2p.

Where a treating doctor's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons. Lester, 81 F.3d at 830.  However, if the treating physician's opinion is contradicted by another doctor, such as an examining physician, the ALJ may reject the treating physician's opinion by providing specific, legitimate reasons, supported by substantial evidence in the record. Lester, 81 F.3d at 830-31; see also Orn, 495 F.3d at 632; Thomas v. Barnhart, 278 F.3d, 948, 957 (9th Cir. 2002).  Where a treating physician's opinion is contradicted by an examining professional's opinion, the Commissioner may resolve the conflict by relying on the examining physician's opinion if the examining physician's opinion is supported by different, independent clinical findings. See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995); Orn, 495 F.3d at 632.  Similarly, to reject an uncontradicted opinion of an examining physician, an ALJ must provide clear and convincing reasons. Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005).  If an examining physician's opinion is contradicted by another physician's opinion, an ALJ must provide specific and legitimate reasons to reject it. Id.  However, "[t]he opinion of a non-examining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician"; such an opinion may serve as substantial evidence only when it is consistent with and supported by other independent evidence in the record. Lester, 81 F.3d at 830-31; Morgan, 169 F.3d at 600.

9

2.    Analysis

The ALJ noted that, at the time of the Comparison Point Decision in 2001, Plaintiff's mental impairments "were not severe impairments and provided no limitations on her abilities." (AR 14.)  The ALJ found that Plaintiff's mental impairments were not severe in February 2001 and continue to be not severe.  (AR 15-16.)  In support for this conclusion, the ALJ noted that Plaintiff took no psychotropic medication from July 2003 to February 2005 and there has been no further mental health care after 2005.  (AR 17, 19-20, 21, 22.)  The ALJ found that the lack of medication and mental health treatment undermines Plaintiff's credibility about her mental limitations.  (AR 22.)

Plaintiff does not explicitly assert that her mental impairments are severe or dispute the ALJ's conclusion that they are not, but does contend that the RFC is in error because it contains no limitation on public contact.  In a complete psychiatric evaluation dated February 20, 2001, Dr. Barry Edelman, a Board certified psychiatrist, found Plaintiff had a mental impairment of depressive disorder, not otherwise specified.  (AR 16.)  She was not taking psychiatric medication or receiving formal psychiatric care at that time.  (AR 19, 368.)  The ALJ accepted Dr. Edelman's assessment that Plaintiff had no limitations in activities of daily living, mild limitations in social functioning and no limitations in concentration, persistence or pace. (AR 22.)

The ALJ, however, rejected Dr. Edelman's assessment that Claimant "would have difficulty interacting with the public on a consistent basis."  (AR 22, 368.)  The ALJ discounted this limitation because "the Claimant's treating source did not identify any limitation from public contact and neither did Dr. Dudley nor Dr. Peterson."  (AR 22.)  Dr. Dudley was a State agency reviewing physician who made similar findings that Claimant's depressive disorder resulted in no limitations in activities of daily living, mild limitations in social functioning and no limitations in concentration, persistence and pace.[2]  (AR 16, 21.)  Dr. Peterson was a testifying medical

---

[2]    Plaintiff incorrectly suggests that Dr. Dudley assessed a limitation of minimal contact with the public in a form but the form merely repeats Dr. Edelman's earlier opinion given at the time of the Comparison Point Decision.  (AR 186.)

expert at the hearing who indicated Plaintiff's mental condition was and is nonsevere.  (AR 16.)  The ALJ also noted that Ms. Swain was working 3 to 5 days a week as director of a preschool from March through June 2001 (AR 14, 19) and "her self-described activities fail to demonstrate that she was not functioning normally."  (AR 19.)  The ALJ further noted, "Mental status examination revealed that she was well-groomed and that she presented as a professional  . . .  Her judgment was intact and she related well."  (AR 19.)  Again, the ALJ had noted the lack of medication and mental health treatment after 2005.  (AR 17, 19-20, 21, 22.)  Although Dr. Dudley and Dr. Peterson were non-examining physicians, their opinions may serve as substantial evidence "when the opinions are consistent with independent clinical findings or other evidence in the record."  <u>Thomas</u>, 278 F.3d at 957.

Plaintiff also cites the opinion of Dr. Mendelsohn, who recommended "reduced public contact."  (AR 128.)  The ALJ rejected Dr. Mendelsohn's limitation because he did not examine the Claimant and for the same reasons Dr. Edelman's limitation was rejected.  (AR 22.)

The ALJ is responsible for resolving conflicts in the medical evidence.  <u>Andrews</u>, 53 F.3d at 1039.  The ALJ did so and his interpretation was reasonable and should not be second-guessed.  <u>Rollins v. Massanari</u>, 261 F.3d 853, 857 (9th Cir. 2001).  There was no error.  The ALJ's rejection of any limitation on public contact is supported by substantial evidence.

### B.    The ALJ's Physical RFC Is Supported By Substantial Evidence

The ALJ assessed an RFC for the full range of light work.  (AR 17.)  He found Plaintiff can and could lift and carry 20 pounds occasionally and 10 pounds frequently.  (AR 17.)  She can and could stand and walk for 6 hours and sit for 6 hours in an 8 hour day, with normal breaks.  (AR 17.)  She can and could push and pull without significant limitations.  (AR 17.)  She has and had no additional limitations.  (AR 17.)

Plaintiff contends that the ALJ's physical RFC is in error because the ALJ did  not impose any limitations on Plaintiff's ability to perform manipulative tasks.  Again, the Court disagrees.

Specifically, Plaintiff cites Dr. Tamiry who found no limits on the right hand but limited Plaintiff to lifting 20 pounds occasionally and 10 pounds frequently with the left hand.  (AR 17, 365.)  Plaintiff also cites two State reviewing physicians, one of whom opined Plaintiff could lift and carry 20 pounds occasionally and 10 pounds frequently with limited pushing and pulling with the left arm, and should avoid jobs requiring repetitive grasping with the left hand.  (AR 21, 188, 190.)  The other opined Ms. Swain could tolerate only occasional handling and fingering with the left hand.  (AR 148.)

The ALJ, however, based his physical RFC on the findings of the independent consulting examiner, internist Dr. Sedgh, who found no limitation in Plaintiff's ability to perform manipulative tasks.  (AR 21-23, 234-238.)  Dr. Sedgh performed objective testing and provided a detailed narrative report dated March 7, 2003.  (AR 234-238.)  He opined that Claimant can lift or carry 50 pounds occasionally and 25 pounds frequently and has no manipulative limitations.  (AR 21, 238.)  Plaintiff did not indicate to Dr. Sedgh any problem with her hands, arms or wrists.  (AR 234-238.)  Dr. Sedgh noted that Plaintiff had normal and equal grip strength in both hands, up to 35 pounds each.  (AR 18, 236.)  Dr. Sedgh's testing revealed that Plaintiff had normal range of motion and sensation in both hands, wrists and arms.  (AR 236-237.)  He concluded that Plaintiff had no limitation in her ability to perform manipulative activities.  (AR 238.)  An examination at UCLA in 2003 also found normal grip and reflexes. (AR 18.)

The ALJ found that a physical RFC for a full range of light work was supported by the evidence as a whole.  (AR 23.)  The ALJ also found that any limitation from repetitive, constant forceful grasping with the left hand is a small subset of the functioning required to perform all manipulative activity.  (AR 23.)  Thus, the ALJ concluded that "the claimant is able to exert a bilateral grip force up to 35 pounds despite the left extremity condition, which is well beyond the exertion required of light work activity."  (AR 23.)  The ALJ also concluded that, because Claimant's past relevant work was performed at the light and sedentary exertion levels, it follows that she can perform this work.  (AR 23.)  Plaintiff has no answer to these findings.

1  Any error in not assessing a manipulative limitation was harmless.  Tommasetti, 533 F.3d at

2  1039.

3         The medical evidence regarding manipulative limitations is conflicting, but the ALJ is

4  responsible for resolving conflicts in the medical evidence.  Andrews, 53 F.3d at 1039.  The

5  ALJ's interpretation was reasonable and should not be second-guessed.  Rollins, 261 F.3d

6  853, 857 (9th Cir. 2001).  There was no error.  The ALJ's rejection of any manipulative

7  limitation is supported by substantial evidence.

8                                           *  *  *

9         The ALJ's RFC is supported by substantial evidence.  The ALJ's non-disability

10  determination is supported by substantial evidence and free of legal error.

11                                          **ORDER**

12        IT IS HEREBY ORDERED that the decision of the Commissioner of Social Security is

13  AFFIRMED and this case is dismissed with prejudice.

14        **LET JUDGMENT BE ENTERED ACCORDINGLY.**

15

16

    DATED: <u>March 30, 2012</u>                    <u>    /s/ John E. McDermott    </u>

17                                               JOHN E. MCDERMOTT
                                                 UNITED STATES MAGISTRATE JUDGE
18

19

20

21

22

23

24

25

26

27

28